UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | | |
|---|---|---|
| Ariel Marino Moreta Ventura, | : | |
| A246-157-037 | : | |
| Petitioner, | : | Civil Action No: |
| | : | |
| -against- | : | |
| | : | |
| Kenneth Genalo, | : | |
| Field Office Director, New York Field Office | : | |
| Enforcement and Removal, Immigration & | : | |
| Customs Enforcement | : | |
| | : | |
| Todd M. Lyons, | : | |
| Acting Director, Immigration & Customs | : | |
| Enforcement | : | |
| | : | |
| Kristi Noem, Director, | : | |
| Department of Homeland Security, | : | |
| | : | |
| Respondents. | : | |

---

## EMERGENCY PETITION FOR WRIT OF HABEAS CORPUS AND COMPLAINT FOR INJUNCTIVE RELIEF IN THE FORM OF A STAY OF REMOVAL AND STAY OF DOMESTIC RELOCATION

The Petition of Petitioner Ariel Marino Moreta Ventura, A246-157-037, ("Petitioner") respectfully shows:

-1-

1. Petitioner hereby petitions this Court under 28 U.S.C. § 2241, *et seq.*, to issue a Writ of Habeas Corpus ordering Petitioner's release from the custody of the Department of Homeland Security, United States Immigration and Customs Enforcement ("ICE").

## JURISDICTION

2. Jurisdiction is proper in this Court pursuant to 28 USC § 2241 (habeas corpus); 28 USC § 1331 (federal question jurisdiction); the Administrative Procedure Act, 5 USC § 701 *et seq.*; Fed. R. Civ. P. 81 *et seq.*, declaratory judgment and mandamus, brought pursuant to 28 USC § 2201, 28 USC § 1361, and Article I, Section 9, Clause 2 of the U.S. Constitution, and the common law.

## PARTIES

3. Petitioner **Ariel Marino Moreta Ventura** (A# 246-157-037) is currently detained at 26 Federal Plaza, New York, New York, within the custody of the U.S. Department of Homeland Security ("DHS").

4. Respondent **Kenneth Genalo** is the Field Office Director for the New York Field Office of ICE Enforcement and Removal Operations. He is sued in his official capacity only. The Field Office Director is charged with exercising authority over the removal operations carried out by ICE in the New York geographic region, which includes the Southern District of New York, and for determinations on whether and where Petitioner is

-2-

to be detained prior to removal.

5.  Respondent **Todd M. Lyons** is the Acting Director of Immigration & Customs Enforcement. He is sued in his official capacity only. The Acting Director is charged with the overall administration and operation of ICE, including oversight of enforcement and removal operations, detention policies, and the implementation of immigration enforcement priorities nationwide.

6.  Respondent **Kristi Noem** is the Director of the Department of Homeland Security. She is sued in her official capacity only. The Director is charged with the overall leadership and administration of DHS, including oversight of all component agencies such as ICE, and the implementation of national homeland security policies and immigration enforcement strategies.

## **VENUE**

7.  Venue is proper in this court, which exercises jurisdiction in petitions for habeas corpus filed by persons being detained at 26 Federal Plaza, New York, New York, located in New York County. Upon information and belief, Petitioner has been detained on the order of the Secretary of the Department of Homeland Security and her agents in ICE at 26 Federal Plaza, New York, New York, which is also within this District.

## **FACTUAL BACKGROUND**

8. Ariel Marino Moreta Ventura is a 33-year-old native and citizen of the Dominican Republic, born on May 13, 1992, in Santo Domingo, Dominican Republic. He entered the United States on October 30, 2022, and was placed in removal proceedings.

9. Mr. Moreta Ventura has consistently appeared for his immigration court hearings. He appeared pro se at hearings on April 11, 2023; September 19, 2023; December 15, 2023; May 6, 2024; November 22, 2024; and December 6, 2024.

10. At his hearing on December 6, 2024, Mr. Moreta Ventura was provided with two separate hearing notices from the court - one with his name indicating March 6, 2025 as his next hearing date, and one with another person's name (Maria Sandra Llumitasig Caillagua) indicating March 11, 2025 as their next hearing date.

11. Due to this confusion caused by receiving two different hearing notices, and incorrect advice from a document preparer who told him his hearing was March 11, 2025, Mr. Moreta Ventura appeared at court on March 11, 2025, instead of March 6, 2025.

12. On March 6, 2025, Mr. Moreta Ventura was ordered removed in absentia due to his failure to appear.

13. On March 11, 2025, when Mr. Moreta Ventura appeared at court and realized his error, he immediately filed a pro se Motion to Reopen his

case, which was denied on April 1, 2025, without prejudice for failure to state a legal basis for reopening.

14. On June 20, 2025, with the assistance of counsel, Mr. Moreta Ventura filed a comprehensive Motion to Reopen, Rescind In Absentia Order of Removal, or in the Alternative, to Reopen Sua Sponte.

15. By operation of law, the filing of this Motion to Reopen provides an automatic stay of removal pursuant to INA § 240(b)(5)(C) and 8 C.F.R. § 1003.23(b)(4)(ii).

16. Despite this automatic stay, Mr. Moreta Ventura was detained today by ICE agents, apparently in preparation for removal.

17. Mr. Moreta Ventura has filed an I-589 Application for Asylum and for Withholding of Removal, asserting protection claims based on persecution he suffered in the Dominican Republic.

18. Mr. Moreta Ventura's father is a U.S. citizen who has filed an I-130 family-based petition on his behalf with USCIS.

## LEGAL FRAMEWORK

### A. Automatic Stay of Removal

19. Under INA § 240(b)(5)(C), 8 U.S.C. § 1229a(b)(5)(C), and 8 C.F.R. § 1003.23(b)(4)(ii), the filing of a motion to reopen an in absentia order of removal automatically stays removal proceedings.

20. This automatic stay provision serves important purposes: (1) it ensures that individuals have a meaningful opportunity to challenge erroneous in absentia orders; (2) it prevents the irreparable harm that would result from removal while a valid motion is pending; and (3) it promotes fundamental fairness in the immigration system.

21. The automatic stay remains in effect until the Immigration Judge or Board of Immigration Appeals rules on the motion to reopen.

**B. Right to Seek Asylum**

24. Under INA § 208, 8 U.S.C. § 1158, individuals physically present in the United States may seek asylum regardless of their immigration status.

25. The right to seek asylum is fundamental and includes the right to remain in the United States while asylum applications are adjudicated. Removal while an asylum claim is pending would render the asylum application moot and violate the applicant's statutory rights.

**C. Due Process Rights**

26. The Fifth Amendment's Due Process Clause applies to all individuals within the United States, including noncitizens in removal proceedings. *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).

27. Due process requires that individuals have a meaningful opportunity to be heard before being deprived of life, liberty, or property. *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976).

28. Detention and removal constitute significant deprivations of liberty that trigger due process protections.

**CLAIMS FOR RELIEF**

**COUNT I: VIOLATION OF AUTOMATIC STAY PROVISIONS**

29. Petitioner realleges and incorporates by reference each and every allegation contained in the preceding paragraphs.

30. The filing of Mr. Moreta Ventura's Motion to Reopen on June 20, 2025, triggered an automatic stay of removal under INA § 240(b)(5)(C) and 8 C.F.R. § 1003.23(b)(4)(ii).

31. Respondents' detention of Mr. Moreta Ventura today, apparently in preparation for removal, violates this automatic stay provision.

32. Respondents' actions are contrary to law and exceed their statutory authority.

33. Unless enjoined by this Court, Respondents will continue to violate the automatic stay and will remove Mr. Moreta Ventura in violation of federal law.

**COUNT II: ARBITRARY AND UNLAWFUL DETENTION**

34. Petitioner realleges and incorporates by reference each and every allegation contained in the preceding paragraphs.

35. Mr. Moreta Ventura's detention is arbitrary and lacks any lawful basis.

36. Mr. Moreta Ventura has consistently appeared for his immigration hearings and has shown his intent to comply with immigration proceedings.

37. Upon information and belief, Mr. Moreta Ventura has had no law enforcement contact outside of with The detention serves no legitimate governmental purpose and is punitive in nature, violating substantive due process.

38. Continued detention while his Motion to Reopen is pending serves no legitimate purpose of ensuring appearance or protecting public safety.

**COUNT III: VIOLATION OF RIGHT TO SEEK ASYLUM**

39. Petitioner realleges and incorporates by reference each and every allegation contained in the preceding paragraphs.

40. Mr. Moreta Ventura has a pending I-589 Application for Asylum and for Withholding of Removal.

41. Removal while his asylum application and Motion to Reopen are pending would violate his statutory right to seek protection in the United States.

42. The threat of imminent removal creates irreparable harm and chills the exercise of his statutory rights.

**COUNT IV: VIOLATION OF PROCEDURAL DUE PROCESS**

43. Petitioner realleges and incorporates by reference each and every allegation contained in the preceding paragraphs.

44. Mr. Moreta Ventura has liberty and property interests in remaining in the United States while his legal proceedings are pending.

45. Respondents have failed to provide adequate procedural protections before depriving him of these interests.

46. The detention and threatened removal without regard to the automatic stay violate fundamental fairness and due process requirements.

**IRREPARABLE HARM AND NEED FOR EMERGENCY RELIEF**

47. Mr. Moreta Ventura faces imminent and irreparable harm absent emergency relief from this Court.

48. If removed from the United States, Mr. Moreta Ventura will be unable to pursue his Motion to Reopen and asylum application, rendering his statutory rights meaningless.

49. Removal would subject him to persecution in the Dominican Republic, the very harm from which he seeks protection.

50. The violation of the automatic stay provision causes ongoing constitutional and statutory violations that cannot be remedied through monetary damages.

51. The balance of hardships strongly favors Mr. Moreta Ventura, as Respondents will suffer no harm from complying with federal law and respecting the automatic stay.

52. The public interest strongly favors enforcement of federal statutory protections and constitutional rights.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner respectfully requests that this Court:

1. **IMMEDIATELY** issue a Temporary Restraining Order and preliminary injunction:

    a. Staying Mr. Moreta Ventura's removal from the United States;

    b. Ordering his immediate release from detention;

    c. Prohibiting Respondents from transferring him outside the Southern District of New York;

    d. Requiring Respondents to honor the automatic stay of removal provided by law;

2. Issue a Writ of Habeas Corpus ordering Respondents to:

    a. Immediately release Mr. Moreta Ventura from custody;

    b. Cease all efforts to remove him from the United States while his Motion to Reopen is pending;

    c. Allow him to remain in the Southern District of New York to pursue his legal remedies;

3. Declare that Respondents' actions violate:

    a. The automatic stay provisions of INA § 240(b)(5)(C) and 8 C.F.R. § 1003.23(b)(4)(ii);

    b. Mr. Moreta Ventura's right to seek asylum under federal law;

    c. His rights under the Due Process Clause of the Fifth Amendment;

4. Issue a permanent injunction requiring Respondents to comply with the automatic stay provisions and refrain from removing Mr. Moreta Ventura while his Motion to Reopen and asylum application are pending;

5. Award costs and reasonable attorneys' fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412; and

6. Grant such other and further relief as this Court deems just and proper.

Dated:    New York, New York
          June 26, 2025

_____
Joshua Bardavid, Esq.
Counsel for Petitioner

277 Broadway, Suite 1501
New York, New York 10007
Phone: (212) 219-3244
Fax: (212) 404-3437
Email: Josh@Bardavidlaw.com

**<u>Attorney Verification</u>**

I, Joshua Bardavid, authorized representative of Petitioner, affirm under penalty of perjury that:

The statement of facts contained in the Petition is true to my knowledge, except as to those matters that are stated in it on my information and belief, and as to those matters, I believe them to be true.

Dated:    New York, New York

           June 26, 2025

                                      Respectfully submitted,

                                      _____
                                      Joshua E Bardavid, Esq.
                                      Counsel for Plaintiff
                                      277 Broadway, Suite 1501
                                      New York, New York 10007
                                      tel.: (212) 219-3244;
                                      fax: (212) 404-3437
                                      e-mail: josh@bardavidlaw.com